

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

2 3 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JIBREEL A. RASHAD, 34976-177,    §
AKA VERNON COOKS, JR.,           §
        Petitioner,              §
                                 §
                                 §    3:13-CV-852-M
v.                               §    3:07-CR-289-M (09)
                                 §
UNITED STATES OF AMERICA,        §
        Respondent.              §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

## I.  Procedural Background

Petitioner was convicted of conspiracy to commit extortion in violation of 18 U.S.C. §

1951(a).  On June 15, 2010, the Court sentenced him to 57 months in prison.  At the time of

sentencing, Petitioner was serving an unrelated 135-month sentence from Cause Number 3:06-

CR-085-L (N.D. Tex.), which began in October 2007.  The Court ordered 12 months of the 57-

month sentence to run concurrently with 3:06-CR-085-L.  On July 10, 2012, the Fifth Circuit

Court of Appeals affirmed the conviction and sentence.

On February 5, 2013, Petitioner filed the instant petition to vacate, set-aside, or correct

sentence pursuant to 28 U.S.C. § 2255.  He argues:

1.      He received ineffective assistance of counsel when counsel failed to argue on

        direct appeal that Petitioner's sentence should be credited for time spent in jail

from October 5, 2007 to August 3, 2010.

2.      He received ineffective assistance of counsel when counsel failed to file a petition

for writ of certiorari with the Supreme Court; and

3.      The Court lacked subject matter jurisdiction under 18 U.S.C. § 3231.

On May 17, 2013, Respondent filed its answer.  On May 28, 2013, Petitioner filed his reply.  The Court finds the petition should be denied.

## II.  Discussion

### 1.      Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.    **Time Credit**

Petitioner argues his counsel was ineffective for failing to argue on direct appeal that he was entitled to sentence credit on his 57-month sentence. Petitioner states that time he spent in custody from October 2007 to June 2010 should have been credited towards his 57-month sentence. Petitioner's counsel raised this claim at sentencing. The Court stated that Petitioner would receive time credit from October 2007 to June 2010 on either the 57-month sentence or the unrelated 135-month sentence, but that he would not receive the time credit on both sentences. (Sent. Tr. at 66-67.) Petitioner administratively raised this claim with the BOP and they informed him that he received credit from October 2007 to June 2010 on his 135-month sentence. (Compl. Appx. D). Petitioner is not entitled to double credit for this time. *See* 18 U.S.C. § 3585(b) (stating a prisoner shall be entitled to credit for time spent in official custody "that has not been credited against another sentence."). Petitioner has failed to show his counsel was ineffective for failing to raise this meritless claim on appeal.

B.    **Certiorari**

Petitioner argues his counsel was ineffective for failing to file a petition for writ of certiorari with the Supreme Court. Petitioner states he instructed his counsel to communicate with another attorney named Alexander Zeno to file the petition, but that counsel did not "follow up" and contact Zeno or file the petition. Petitioner's counsel responded by affidavit, stating that attorney Alexander Zeno did not contact him to file the petition for certiorari. (Resp. Appx. at 1.) Counsel stated he did not file a petition for certiorari because he believed there were no meritorious claims. (*Id.*)

A petitioner's right to constitutionally effective assistance of counsel ends when the

appellate court renders its decision. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).

"[C]ounsel's refusal to file a petition for rehearing and/or for writ of certiorari does not raise a

cognizable constitutional violation. Declining to file either of those pleadings did not deprive

Movant of effective counsel in violation his constitutional rights. The right to effective

assistance of counsel for a criminal defendant extends only to a first appeal of right." *United*

*States v. Jackson*, No. 3:04-CV-1981-P, 2005 WL 3445585 at *7 (N.D. Tex., Dec. 15, 2005)

(citing cases). Petitioner has therefore failed to state a cognizable claim of ineffective assistance

of counsel under § 2255.

**2.     Jurisdiction**

Petitioner argues the district did not have subject matter jurisdiction. He claims that

Public Law 80-772, codified as Title 18 and which includes the jurisdictional statute 18 U.S.C. §

3231, was improperly enacted because Congress acted without a quorum. This claim has been

rejected by the Fifth Circuit and other district courts. *See United States v. Leyva*, No. 06-11172,

2007 WL 3230321 at *1 (5th Cir. 2007) (per curiam); *Comer v. United States*, No. 3:09-CV-

1261-N, 2009 WL 5033924 (N.D. Tex. 2009) (collecting cases). Petitioner's claim is without

merit and should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-

aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 23 day of ~~January~~, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Page 4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).